SUMMARY ORDER

Appellant CadleRock Joint Venture II LP (“CadleRock”), appeals from a judgment of the United States District Court for the District of Connecticut (Kravitz, J.), affirming an order of the United States Bankruptcy Court for the District of Connecticut (Krechevsky, J.) granting judgment to Marc and Loretta Beaudoin on CadleRock’s five-count complaint and granting Marc Beaudoin a discharge from bankruptcy pursuant to Bankruptcy Code § 727. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
“In an appeal from a district court’s review of a bankruptcy court’s decision, we conduct an independent examination of the bankruptcy court’s decision.” In re Flanagan, 503 F.3d 171, 179 (2d Cir.2007) (citing In re Bethlehem Steel Corp., 479 F.3d 167, 172 (2d Cir.2007)). We review the bankruptcy court’s factual findings for clear error, and its legal conclusions de novo. Id. “The ultimate determination of whether or not to impose an equitable remedy ... is reviewed for abuse of discretion.” Id. at 179-80 (citing Adelphia Bus. Solutions, Inc. v. Abnos, 482 F.3d 602, 607 (2d Cir.2007)).
CadleRock’s five-count complaint sought denial of discharge for Marc Beaudoin, as well as unjust enrichment and constructive trust remedies against Marc and his wife Loretta based on Marc’s July 1995 transfer to Loretta of his interest in certain residential property on Corbin Avenue in New Britain, Connecticut. CadleRock alleged that Marc transferred the property to Loretta without adequate consideration, and that Marc thereafter retained — and concealed from his creditors — a beneficial interest in the property. Marc did not file for bankruptcy protection until some seven years after the transfer, in October 2002.
The bankruptcy court conducted a two-day trial during which it thoroughly reviewed the Beaudoins’ financial history. It determined both that Loretta had provided adequate consideration for the transfer of the Corbin Avenue property (largely by cancellation of Marc’s previous mortgages on the property as well as by cancellation of a mortgage on jointly-owned property), and that, although Mare continued to make monthly payments on the mortgage on the Corbin Avenue property between 1995 and 2002, these payments represented Marc’s “contribution towards household expenses and [were] not indicative of any retained ownership interest in the property.” CadleRock v. Beaudoin, No. 02-22859, 2007 WL 1020787 at *5-6 (Bankr.D.Conn. Mar. 30, 2007).
After an initial remand for clarification, see CadleRock v. Beaudoin, 380 B.R. 121 (D.Conn.2007), the district court affirmed, 388 B.R. 6 (D.Conn.2008), finding no clear *28 error in the determinations as to consideration and concealed interest. 388 B.R. at 10-11.[1]
After a review of the record, we affirm for largely the reasons stated by the district court. Particularly in light of the cancellation of Marc’s indebtedness, and the fact that Loretta paid the larger share of the family expenses, the bankruptcy court’s findings were not clearly erroneous. We are not “left with the definite and firm conviction that a mistake has been committed.” Zervos v. Verizon New York, Inc., 252 F.3d 163, 168 (2d Cir.2001) (quotation omitted).
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

. The district court also affirmed the bankruptcy court's alternative finding, made after remand, that even if Marc had retained a concealed interest in the Corbin Avenue property, he had not done so with an intent to hinder his creditors. 388 B.R. at 10.